# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDAL RUIZ,<br><br>    Plaintiff,<br><br>  v.<br><br>RON EARLY, WARDEN, et al.,<br><br>    Defendants. | CASE NO. 1:05-CV-01092-REC-LJO-P<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM AND FAILURE TO COMPLY WITH RULE 8<br><br>(Doc. 1) |

I. <u>Screening Order</u>

  A. <u>Screening Requirement</u>

Plaintiff Randal Ruiz ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on August 25, 2005.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S.

506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

B.   Plaintiff's Complaint

Federal Rule of Civil Procedure 8(a) calls for a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a) expresses the principle of notice-pleading, whereby the pleader need only give the opposing party fair notice of a claim. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Rule 8(a) does not require an elaborate recitation of every fact a plaintiff may ultimately rely upon at trial, but only a statement sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. at 47.

Further, the Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the

actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

The court has reviewed plaintiff's complaint. The complaint is seventeen pages long and the format is narrative. Plaintiff fails to identify the legal basis for his claims, fails to separately identify his individual claims, and fails to link the named defendants to actions or omissions that violated plaintiff's rights under federal law. Further, plaintiff's complaint fails to comply with Rule 8(a), as it is rambling and filled with unnecessary verbiage. By this order, plaintiff's complaint shall be dismissed, with leave to amend. As stated in the form complaint plaintiff will be provided with, plaintiff should not make legal arguments or set forth legal citations. Because plaintiff is suing multiple defendants for what appear to be multiple violations of his rights, it is plaintiff's duty to set forth his claims in a manner that the allows the court to determine what claims plaintiff is pursuing against which defendants. In amending his complaint, plaintiff is directed to the following paragraphs for guidance concerning some of the defendants named in this suit.

Plaintiff names the California Department of Corrections ("CDC") as a defendant. Plaintiff may not sue CDC under section 1983. The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted); see also Seminole Tribe of Fla. v. Florida, 116 S.Ct. 1114, 1122 (1996); Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991). The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. See Natural Resources Defense Council v. California Dep't of Tranp., 96 F.3d 420, 421 (9th Cir. 1996); Brooks, 951 F.2d at 1053; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)

(concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1989). Because CDC is a state agency, it is entitled to Eleventh Amendment immunity from suit.

Plaintiff also names Warden Early as a defendant. Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Finally, some of the named defendants were involved in addressing plaintiff's inmate appeals. The inmate appeals process "does not confer any substantive right upon" plaintiff and does not serve as a basis for the imposition of liability under section 1983. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. Buckley, 997 F.2d at 495.

C.  Conclusion

The court finds that plaintiff's complaint does not state a claim upon which relief may be granted under section 1983 because it does not link each named defendant to actions or omissions that violated plaintiff's rights under federal law. Further, plaintiff's complaint does not comply with

1  Rule 8(a). The court will provide plaintiff with the opportunity to file an amended complaint curing
2  the deficiencies identified by the court in this order.
3       Plaintiff is informed he must demonstrate in his complaint how the conditions complained
4  of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d
5  227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is
6  involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or
7  connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S.
8  362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740,
9  743 (9th Cir. 1978).
10      Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be
11 complete in itself without reference to any prior pleading. As a general rule, an amended complaint
12 supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once
13 plaintiff files an amended complaint, the original pleading no longer serves any function in the case.
14 Therefore, in an amended complaint, as in an original complaint, each claim and the involvement
15 of each defendant must be sufficiently alleged.
16      Accordingly, based on the foregoing, it is HEREBY ORDERED that:
17   1.   Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim
18        upon which relief may be granted under section 1983 and failure to comply with Rule
19        8(a);
20   2.   The Clerk's Office shall send plaintiff a civil rights complaint form;
21   3.   Within **thirty (30) days** from the date of service of this order, plaintiff shall file an
22        amended complaint; and
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

4. If plaintiff fails to file an amended complaint in compliance with this order, the court will recommend that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

**Dated:    May 13, 2006**                            /s/ Lawrence J. O'Neill
b9ed48                                            UNITED STATES MAGISTRATE JUDGE